**Kevin Carl OVERBY, Respondent,**
v.
**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. C8-85-1948.

Court of Appeals of Minnesota.

April 29, 1986.

Samuel A. McCloud, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Kenneth H. Bayliss, III, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ.

## MEMORANDUM OPINION

LANSING, Judge.

## FACTS

Kevin Overby was arrested for driving while under the influence of alcohol and consented to an Intoxilyzer test. Trooper Randy Bluhm, a certified Intoxilyzer operator, testified that Overby provided an adequate first sample with a reading of .199 and replicate of .206. Bluhm said that on the second sample Overby blew into the machine but did not sustain his breath for the required time and repeated this short blowing action until the four-minute cycle was completed. The machine showed a deficient sample.

Randy Jackson, the arresting officer, watched Overby take the test and recorded in his report that Overby failed to provide an adequate second sample in the *three minutes* allowed. Jackson was unfamiliar with the Intoxilyzer and did not know the length of the test cycle. He testified that Trooper Bluhm told him that three minutes were allowed for the second breath sample.

Overby testified that at the end of the second test Trooper Bluhm said, "your limit of three minutes is up." On rebuttal Trooper Bluhm testified that he did not recall what he had said to Overby.

The trial court found the Commissioner had failed to prove by the greater weight of the evidence that the Intoxilyzer had been properly administered. The court rescinded the revocation of Overby's driving privileges, and the Commissioner appeals.

## DECISION

In *Genia v. Commissioner of Public Safety*, 382 N.W.2d 284 (Minn.Ct.App. 1986), we held that a subject does not refuse an Intoxilyzer breath test when, once the test has started, the operator discontinues it before the machine has completed the four-minute cycle. *See* Minn.Stat. § 169.123, subd. 2b (1984).

The testimony at the hearing was not consistent. The trial court resolved the conflicts against the Commissioner and found that the Commissioner had not shown that the Intoxilyzer was properly administered. The record provides an adequate basis for the trial court's factual finding that Overby was not given the full four minutes in which to provide a breath sample. Overby is not entitled to attorney's fees under Minn.Stat. § 549.21 (1984) because we do not think the appeal was taken in bad faith.

Affirmed.